UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Bass Underwriters, Inc.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>David Kono,<br><br>　　　　　　　　Defendant. | Case No. 2:22-cv-0138-RFB-EJY<br><br>**ORDER** |

　　　　Before the court is Plaintiff Bass Underwriters, Inc.'s ("Bass") application for a temporary restraining order. ECF No. 3. The application is supported by a memorandum of points and authorities, the declarations of Karl O. Riley, Esq., Robert Matthew Forchette, and Noel Kersh. Bass filed a verified complaint (ECF No.1) and served Defendant David Kono (Kono) with a copy of the instant application.

　　　　A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four

elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court finds that, based on the facts alleged in the Complaint and Motion for Temporary Restraining Order, Bass has a likelihood of success on the merits of its Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, and Nevada's codification of the Uniform Trade Secrets Act ("NUTSA"), NRS 600A.010 *et seq.*, breach of contract, and Nevada common-law claims. The Court finds that Bass will suffer irreparable harm if an injunction does not issue due to a loss of business and goodwill. While monetary injury is not normally considered irreparable, "the loss of one's [business] does not carry merely monetary consequences; it carries emotional damages and stress, which cannot be compensated by mere back payment of [losses]." Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1059 (9th Cir. 2009) (internal citations omitted). The balance of equities is in favor of Bass because the TRO will not harm Defendant's interests and there is a strong public interest in protecting trade secrets. Thus, Bass satisfies the requirements of a TRO.

The Court also finds that granting an TRO application without written or oral notice to Defendant or his attorney is proper in this case. Plaintiffs have provided specific facts in a verified complaint which clearly show immediate and irreparable injury, loss, or damage will result to themselves before the Defendant can be heard in opposition. Plaintiff's attorney has also certified in writing the efforts made to give notice and the reasons why it should not be required pursuant to Fed. R. Civ. P. 65(b). See ECF No. 3-11.

Federal Rule of Civil Procedure 65(c) provides that "The court may issue a…temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A district court retains discretion "as to the amount of security required, if any." Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations

omitted) (emphasis in original). The court may dispense with the filing of a bond if "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). Accordingly, the Court finds that it is not necessary to require Bass to post a bond.

Based upon the Verified Complaint, the Application and all exhibits attached thereto, the discussion above, and for good cause appearing, the Court orders as follows:

Temporary Restraining Order

1. IT IS ORDERED that Plaintiff's Application for a Temporary Restraining Order, without formal notice to the other side or hearing is GRANTED. The Temporary Restraining Order (TRO), as detailed below, shall remain in force for the earlier of 14 days or until a Preliminary Injunction Hearing is scheduled.

2. IT IS FURTHER ORDERED that Defendant David Kono, as well as any of his agents and all other persons and entities in active concert, participation, or privity with Defendant David Kono (collectively hereafter "Kono"), SHALL immediately return all documents or other property, either in physical or electronic form, belonging to Bass, including but not limited to USB Flash Drive A and any electronic data belonging to Bass that was or is stored thereon.

3. IT IS FURTHER ORDERED that Kono SHALL NOT use, for any purpose, any documents or electronic files that contain or were derived from Bass's confidential information or trade secrets including but not limited to any of the files or documents copied by Kono to USB Flash Drives A and/or B as reflected in the file listing attached hereto, or any other storage device;

4. IT IS FURTHER ORDERED that Kono SHALL NOT solicit any of Bass's customers by using Bass's confidential or trade secret information, or do business with any of Bass's customers who were solicited through the use of Bass's confidential or trade secret information;

5. IT IS FURTHER ORDERED that Kono SHALL NOT modify, alter or destroy any evidence related to the allegations in this lawsuit, including but not limited to any electronically stored data/ information, emails, and/or text messages related to the misappropriation of Bass's confidential information and trade secrets, or wrongful solicitation of Bass's customers.

3. IT IS FURTHER ORDERED that unless otherwise ordered by this Court herein, Kono

shall preserve and hold in abeyance any and all documents, whether in paper or electronic form, that relate to the claims alleged in Plaintiff's Complaint or the subject matter of this action. Kono is prohibited from destroying, discarding, or erasing any electronic storage devices where such documents have been stored, unless otherwise ordered by this Court.

Orders

1. IT IS THEREFORE ORDERED that Plaintiff shall serve Defendant David Kono by February 2, 2022.  Plaintiff shall file a notice of service with the Court by February 4, 2022.

2. IT IS FURTHER ORDERED that Defendant shall file any response to Plaintiff's Application for Preliminary Injunction on or before February 4, 2022. Plaintiffs will have up to and including February 10, 2022 to reply to Plaintiff's response. The Court will provide details regarding a Preliminary Injunction hearing at a later date. The issue of expeditated discovery will be considered at that time.

**IT IS SO ORDERED.**

DATED: January 27, 2022

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**