Karl O. Riley, Esq.
Nevada Bar No. 12077
COZEN O'CONNOR, P.C.
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV  89169
Telephone: (702) 470-2330
Facsimile: (702) 470-2370
koriley@cozen.com

*Attorney for Plaintiff Bass Underwriters, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bass Underwriters, Inc.;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>David Kono.<br><br>　　　　　Defendant. | Case No.: 2:22-cv-00138-RFB-EJY<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL** |

　　　　Under Local Rule IA 10-5 and the Protective Order (ECF No. 21), Plaintiff Bass Underwriters, Inc. ("Bass"), moves the court for an order sealing Exhibits 12 and 13 attached to its reply in support of its motion for leave to file an Amended Complaint and to continue the discovery period.  Pursuant to the protective order (ECF No. 21) in this case, these exhibits are demarcated "Highly Confidential – Attorney's Eyes Only" on the bottom of each page. The exhibits relate to David Kono's theft of confidential and trade secret information.  Bass redacted the relevant information in the brief of the Reply, and seeks the exhibits be sealed in their entirety as redaction is infeasible.  Special protection from public disclosure and from use for any purpose other than prosecution of this action appears to be warranted for this document.

Dated:  January  27, 2023.　　　　　　　　　　**Cozen O'Connor**

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Karl O. Riley*
　　　　　　　　　　　　　　　　　　　　　　　　KARL O. RILEY, Nevada Bar No. 12077
　　　　　　　　　　　　　　　　　　　　　　　　3753 Howard Hughes Pkwy., Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Las Vegas, NV 89169
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (702) 470-2330
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (702) 470-2370
　　　　　　　　　　　　　　　　　　　　　　　　koriley@cozen.com
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff Bass Underwriters, Inc.*

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\61268428\1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of David Kono's theft of certain confidential and trade secret information. To properly file a reply in support of its motion to amend the complaint and to continue the discovery period, Bass includes certain communications between the relevant parties

## II. CONFIDENTIAL AND PRIVATE INFORMATION OF MAGELLAN SHOULD BE SEALED

"[T]he common law right of access is not absolute." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). For non-dispositive motions, a party may seek to seal material under a standard of "good cause" similar to the standard for an order of protection under Federal Rule of Civil Procedure 26(c). *Diamond X Ranch LLC v. Atl. Richfield Co.*, No. 13-cv-00570, 2016 WL 3176577 at *2 (D. Nev. June 3, 2016). When ruling on a motion to seal court records, the district court, in its discretion, balances the competing interests of the public and the party seeking to seal the records. *In re Midland*, 686 F.3d at 1119; *see also Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

These exhibits discuss Brooks's recruitment of Kono, which Kono concurrently or subsequently began to steal Bass's confidential and trade secrets. Accordingly, there is a compelling reason to seal these documents in order to avoid the disclosure of confidential and private information. As such, under the protective order, Zurich respectfully requests that this Court grant its motion to seal the above trial exhibits pending trial.

## II. THE REQUEST TO SEAL IS LIMITED IN SCOPE AND NARROWLY TAILORED

Bass is not requesting the wholesale sealing of its Motion. These two exhibits identified by Bass may contain discussion of its confidential and trade secret information that should not be disclosed to the public until trial in this matter. The proposed sealing sought by Bass is, thus, narrowly tailored, while still appreciating the presumption of access to court records.

///

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\61268428\1

### III. REDACTION IS INFEASIBLE

Bass redacted all references to the confidential information in the Reply until the Court rules on this Motion. In an abundance of caution, Bass removed all exhibits for the same reason.

### IV. CONCLUSION

Bass has served an unredacted copy of the Reply and all exhibits via email and has mailed a copy in paper form under LR IA 10-5(d). For these reasons, Bass respectfully requests that the Court grant its motion to seal Exhibits 12 and 13 in the Reply and any related redactions.

Dated: January 27, 2023.    **Cozen O'Connor**

By: /s/ Karl O. Riley
KARL O. RILEY
Nevada Bar No. 12077
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2330
Facsimile: (702) 470-2370
koriley@cozen.com

*Attorney for Plaintiff*
*Bass Underwriters, Inc.*

### ORDER

Upon consideration of Bass Underwriters' Motion to Seal Documents (ECF No. 43), which seeks to seal highly confidential Exhibits 12 and 13 to its Reply in Support of the Motion for Leave to File an Amended Complaint and to Continue the Discovery Period (ECF No. 34), the Court

HEREBY ORDERS that the Motion to Seal Document (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 12 and 13 to ECF No. 41 are and shall remain sealed.

IT IS FURTHER ORDERED that no later than **February 3, 2023**, Plaintiff must file a redacted version of the Reply at ECF No. 41 with exhibits using place holders for Exhibits 12 and 13 on the public record.

_____
U.S. MAGISTRATE JUDGE

Dated: January 30, 2023

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\61268428\1