UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BASS UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID KONO, <br><br> Defendant. | Case No. 2:22-cv-00138-RFB-EJY <br><br> **ORDER** |

**I.   Background and the Parties' Arguments**.

Pending before the Court is Defendant David Kono's Motion for Protective Order (ECF No. 39) seeking to preclude the deposition of "non-party" Brooks Group Insurance Agency, LLC ("Brooks"). It is undisputed that Brooks is Mr. Kono's current employer.

In his Motion, Mr. Kono says Brooks, which was served with a subpoena ad testificandum on January 20, 2023, should be protected from appearing because (1) service of the subpoena was not a full ten days before the appearance date, and (2) Mr. Kono's deposition is set for the same date and time as the non-party deposition of Brooks, which prevents him from attending. *Id*. at 7-9. Mr. Kono quotes Fed. R. Civ. P. 30(b)(1) as requiring "reasonable written notice [of a deposition] to every other party …." *Id*. at 8. Mr. Kono says, as a party, he has "a right" to be present at the Brooks deposition and will be prejudiced if he cannot attend because he is the one accused of stealing and using Plaintiff's confidential information while employed by Brooks. *Id*. at 7. Without citation to any law, Mr. Kono contends "[u]nder circumstances like these" his "right to attend Brooks' deposition is of paramount importance." *Id*. Mr. Kono also argues, without citation to law, he needs to be present so he can assist counsel in cross examining Brooks ("his presence is necessary to assist his counsel in cross-examination of Brooks' witness ….") *Id*.

Bass Underwriters, Inc. ("Bass") argues that Brooks did not object to the subpoena and therefore waived its right to quash the subpoena or to move for a protective order. ECF No. 49-2 at

1

2-3.[1]  Bass also argues the notice was timely because it was "sufficient," which is all that is required under federal law interpreting the timeliness requirement of deposition notices. *Id*. at 4.  Bass points out that Brooks produced its documents in response to a Court order to do so[2] on January 17, 2023, and Mr. Kono knows the content of the emails produced because most of the emails were either sent or received by him.  Thus, Bass says, the content of what will be discussed at Brooks' subpoenaed testimony will not be a surprise. *Id*. at 4-5.  Bass also points out that it offered to move the date of Brooks' appearance so that Mr. Kono could attend, but Mr. Kono's counsel refused the offer. *Id*. at 5.  Bass argues Brooks is paying Mr. Kono's legal fees, and Mr. Kono and Brooks are coordinating strategy and responses to discovery efforts. *Id*.  Bass contends that, for these reasons, Mr. Kono knows what Brooks will be asked when Brooks appears to testify. *Id*.  Bass says this will allow Mr. Kono and his counsel to prepare in advance of Brooks' appearance. *Id*.

In Reply, Mr. Kono returns to the notion that the notice of Brooks' deposition was untimely, argues Bass should not be allowed to depose Brooks outside the discovery period, and contends he will be prejudiced if he cannot attend the deposition. ECF No. 51 at 4, 6-7.  Mr. Kono says a deposition outside the discovery period will delay the proceedings in this matter and, even though Brooks did not produce documents in response to a September 22, 2022 subpoena until after a U.S. District Court in New Jersey granted Bass' unopposed Motion to Compel on January 5, 2023, it is Bass that delayed setting Brooks' deposition. ECF No. 34-2 at 55.

**II.    Discussion**

The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)).  "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11 (citations omitted).

---

[1] For reasons that are not clear, Bass' Opposition to Mr. Kono's Motion for Protective Order was broken up into ECF No. 49, ECF No. 49-1, and ECF No. 49-2.  However, these three filings are treated by the Court as one document—the Opposition to Mr. Kono's Motion.

[2] *See* ECF No. 49-2 at 2 with short history of subpoena of records by Bass to Brooks.

It is well settled law that a party to litigation lacks standing under Fed. R. Civ. P. 45(d)(3) to challenge a subpoena issued to a non-party absent a demonstration of personal interest or privilege. *1ST Technology, LLC v. Rational Enterprises, Ltda*, Case No. 2:06-cv-01110-RLH-GWF, 2007 WL 5596692, at *3 (D. Nev. Nov. 13, 2007). "The mere fact that the subpoena[] … pertain[s] to Defendants does not confer standing to move to quash the subpoena." *Id*. (citation omitted). Three court decisions found the standing requirement to challenge a subpoena for documents applies equally to a subpoena seeking testimony. *Bell v. RL Signor Holdings, LLC*, Case No. CIV-17-765-W, 2018 WL 8966969, at *4 (W.D. Okla. April 16, 2018) ("a party lacks standing under Rule 45(d)(3), *supra*, to challenge a subpoena duces tecum or subpoena ad testificandum issued to a nonparty unless the party claims a personal right, privacy interest or privilege with respect to the documents *or testimony* requested in, or by, the subpoena …."); *McCutcheon v. Colgate-Palmolive, Co.*, Case No. 16-cv-4170 (LGS) (KNF), 2018 WL 5818255, at *4 (S.D.N.Y. Aug. 3, 2018) (defendants lacked "standing to object to the subpoena to testify at deposition issued by the plaintiffs" to a nonparty); *In re subpoena to Local 478, Intern. Union of Operating Engineers and Benefit Funds*, 708 F.2d 65, 73 (2nd Cir. 1983) (finding a third party lacked standing to appeal denial of its motion to quash subpoenas issued to "other witnesses").[3]

Mr. Kono does not assert any privilege he holds that could be invaded during questioning of Brooks. Further, as Bass points out, Brooks has not objected to the subpoena and has not moved to quash the same. This is a separate barrier to Mr. Kono's standing. *See 1ST Technology, LLC*, 2007 WL 5596692, at *3 ("A party generally does not have standing to object to a subpoena served on a non-party on grounds of the undue burden imposed on the non-party, *especially where the non-party itself has not* objected.") (citation omitted) (emphasis added). Nonetheless, Mr. Kono says, without authority to support his argument, he must be present during Brooks' subpoenaed testimony because he is the alleged wrongdoer and has to assist his attorney in cross-examination of Brooks—Mr.

---

[3] The Court notes that in *In re Matter of Grand Jury Applicants (C. Schmidt & Sons, Inc.)*, 619 F.2d 1022, 1026-27) (3rd Cir. 1980), the appellate court found an employer had standing to appeal denial of a motion to quash subpoenas ad testificandum to 16 clerical workers when the employer had a "property interest, contractual in nature, in the services of employees presently under subpoena whose time and attention … will be diverted from its business for unnecessary and improper grand jury appearances," and "the grand jury was not conducting an investigation within its jurisdiction." Neither of the elements present in *C Schmidt & Sons* are present in this case.

Kono's *current* employer. Mr. Kono's argument is, at best "speculative and underdeveloped. The Court considers only well-developed arguments presented and will not search for arguments that may be camouflaged in the briefing." *Playstudios, Inc. Centerboard Advisors, Inc.*, Case No. 2:18-cv-01423-JCM-NJK, 2019 WL 1995326, at *3 (D. Nev. May 6, 2019) *citing Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Indeed, there is no reason Mr. Kono and his counsel cannot meet and discuss the likely topics into which Bass' counsel will inquire when questioning Brooks before Brooks appears. There is also no reason why Mr. Kono and his counsel could not arrange to speak during respective breaks at simultaneous depositions. Three different attorneys from Brownstein Hyatt Farber Schreck have appeared in this case for Mr. Kono (Mr. Lenhard, Mr. Chance, and Ms. Jammer). One attorney can be present at Mr. Kono's deposition while another can appear at the questioning of Brooks. There is no reason why these counsel, representing Mr. Kono, cannot text and email during the respective questioning so that if unexpected issues arise they may be addressed promptly. Finally, if Mr. Kono's presence at Brooks' deposition was as critical as he claims, Mr. Kono could have agreed—as offered—to move Brooks' appearance to a date when Mr. Kono could be present. It is not unusual for deposition to be set at the close of discovery or for parties to agree to extend discovery to allow for the completion of witness depositions. No delay of any significance in the case would arise from reasonable, rational, and cooperative civil practice.

Mr. Kono has not demonstrated prejudice arising from an alleged personal right that will be impacted by Brooks' subpoenaed testimony proceeding. Brooks was subpoenaed for testimony before the close of discovery and with sufficient notice, given all the facts of this case, to allow Brooks to properly prepare and appear. Further, for all intents and purposes, the issue of Mr. Kono's attendance at the questioning of Brooks and sufficient preparation time for Brooks are moot given the deposition of Brooks did not go forward on January 30, 2023. Because there is no privilege or personal right implicated, the Court finds Mr. Kono lacks standing to seek a protective order preventing the testimony of Brooks to proceed.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Emergency Motion for Protective Order (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer to agree on a date and time such that Brooks will appear and be questioned pursuant to the subpoena ad testificandum no later than **May 31, 2023**.

Dated this 26th day of April, 2023.

ELAYNA YOUCHAH
UNITED STATES MAGISTRATE JUDGE