UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BASS UNDERWRITERS, INC.,

    Plaintiff,

v.

DAVID KONO,

    Defendant.

Case No. 2:22-cv-00138-RFB-EJY

**ORDER**

Pending before the Court is Bass Underwriters, Inc.'s Motions (1) for Leave to File Amended Complaint, and (2) to Continue Discovery Deadline.[1]  ECF Nos. 34 and 35.  These Motions were combined in a single document filed on January 6, 2023 and presented as an emergency.  The Court found no emergency existed and ordered the Motion to be briefed in the ordinary course.  ECF No. 36. Defendant filed his Responses to the Motions on January 20, 2023.  ECF Nos. 37, 38.  Bass filed Replies on January 27, 2023.  ECF Nos. 41, 42.  The Court's delay in issuing this Order will not be considered when reaching its decision.  Citations to Bass' Motion will be to ECF No. 34.  Citations to Defendant's Responses, which are identical, will be to ECF No. 37.  Citations to Bass' Replies will be to ECF No. 41.

**I.    Background**.

This case commenced on January 26, 2022 with Bass' Complaint.  Bass contends Defendant, Mr. Kono, was employed by Bass from December 2016 until September 29, 2021.  Mr. Kono voluntarily left Bass' employ to join a competitor Brooks Insurance Agency ("Brooks").[2]  Bass contends that before Mr. Kono left its employ he "illegally copied a trove of Bass's confidential and/or trade secret information … to a USB1 flash drive and" used (and continues to use) this "information to actively steal and steer Bass's current clients to Brooks."  ECF No. 1 at 1-2.  Mr.

---

[1]    Bass Underwriters, Inc. is referred to herein as "Bass."
[2]    Bass describes itself as "a Managing General Agent ("MGA"), which is a specialized type of insurance agent/broker that, unlike traditional agents/brokers, is vested with underwriting authority from an insurer."  ECF No. 1 at 3.

Kono allegedly did all of this in violation of a non-disclosure agreement he signed while employed by Bass.

In its Complaint, Bass alleges misappropriation of trade secrets, breach of contract, breach of fiduciary duties, conversion, and unjust enrichment claims against Mr. Kono.  *Id*., generally. Brooks, Mr. Kono's then and continuing employer, is discussed in the Complaint, but not named as a defendant.  Bass also filed a Temporary Restraining Order that was granted on January 27, 2022 (ECF Nos. 4, 7), a Motion for Preliminary Injunction, and a Motion for Expedited Discovery.  ECF Nos. 11, 12.  The preliminary injunction was resolved through a stipulation granted on March 8, 2022 in which Mr. Kono agreed to return all documents and information to Bass and confirm through a declaration that none of Bass' information was transferred to any device outside Bass' control or, alternatively, to identify in what storage devices the information was copied in which case Mr. Kono was to make those devices available to Bass.  ECF No. 19.  In addition, Mr. Kono agreed not to disclose Bass' information or documents and not solicit Bass' customers.  *Id*.

The original discovery plan and scheduling order was entered on June 26, 2022 with an August 16, 2022 deadline to amend pleadings and a November 14, 2022 discovery cut off date.  ECF No. 26.  On September 8, 2022, Bass moved to extend the discovery period to February 12, 2023. ECF No. 29.  The motion did not include an extension of time to amend pleadings.  *Id*.  Mr. Kono objected to Bass' motion raising a number of extraneous arguments while also arguing Bass had not been diligent in conducting discovery.  ECF No. 30.  Mr. Kono's lack of diligence argument was supported by the fact that, at the time the extension was sought, Bass had set no depositions, served no subpoenas, and sent its first set of written discovery only one month prior.  *Id*.  On October 17, 2022, the Court granted in part and denied in part Bass' Motion.  ECF No. 32.  The discovery cutoff was extended to January 30, 2023 adding that "no further extensions of discovery will be granted absent a demonstration of an unforeseen event requiring the same."  *Id*.

**II.    Bass' Motion to Reopen the Amendment Deadline, the Response, and Reply**.

In Bass' instant Motion, Bass says it "conducted large scale discovery and uncovered that Kono, while working for … Brooks, has continued to solicit … [Bass] customers …."  ECF No. 34 at 2.  Bass discusses, variably, that Brooks has and has not produced documents based on a motion

to compel that was granted (although sometimes stated as pending) by the U.S. District Court for New Jersey. *Compare id*. at 2, and 3, 5-6. Bass also says it "moved to amend within a few months after discovering this information." *Id*. at 2. The Court presumes Bass refers to the discovery that Mr. Kono, after becoming employed by Brooks, allegedly continued to solicit Bass' customers. Bass also says "Brooks'[] counsel acknowledged its awareness of this case and potential impact on Brooks." *Id. citing* Exhibit 21 to the Amended Complaint, attached as Exhibit 6 to the instant Motion. However, neither Exhibit 21 nor any other exhibit attached to the Amended Complaint were filed with the Court.

Bass contends Mr. Kono "reached out to a number of Bass clients and customers to convert them to" Brooks' customers before commencing his employment relationship with Brooks. *Id*. at 3. Bass says the customers contacted by Mr. Kono were first identified in his responses to Bass' first set of interrogatories and document requests received on September 12, 2022. *Id*. Bass also discusses the subpoenas it served on third parties identified by Mr. Kono in discovery responses, and Bass says Mr. Kono admits to soliciting in violation of "his non-solicitation clause." *Id*. at 2. Bass argues it sought email communications with current or former Bass client that would reside on Mr. Kono's Brooks-issued email account, but, even after a meet and confer, Mr. Kono refused to produce this information. *Id*. at 4 *citing* ECF No. 34-1 at 67-127 (Exhibit 3, no pin cite provided).

Bass complains of a bit of a cat and mouse game in which Mr. Kono said the documents from his Brooks' email account had to be obtained from Brooks, but when Brooks was subpoenaed in September 2022, Brooks failed to respond. *Id*. at 4-5. Bass sent correspondence to Brooks on October 17, 2022, but Brooks again failed to respond. *Id*. at 5. On December 23, 2022 Bass moved to compel a response to its subpoena in the U.S. District Court for the District of New Jersey and, after Brooks again did not respond, the Court granted the motion to compel on January 5, 2023. *Id*. at 5-6 *citing* Exhibits 8 and 9, but not 10 (the Court Order cited on page 2 of Bass' Motion).

Bass argues good cause and excusable neglect support reopening the amendment to pleadings deadline. Bass says that it meets both standards because "it diligently attempted to obtain information to no avail." *Id*. at 2. Bass says emails finally received from Mr. "Kono's Brooks-issued email address" (apparently as the result of responses to Bass' third party subpoenas)

demonstrate Mr. Kono continued to solicit Bass customers and client after the Preliminary Injunction Order was entered by the Court.  *Id*. at 8.  Bass cites 25 paragraphs in its proposed amended complaint that allegedly quote cited emails, but these emails were not provided to the Court.  Bass does not say from which sources the emails came or when they were received by Bass.  *See id*.

Bass also argues its Motion to Amend was filed in good faith and there is no undue delay or prejudice to Brooks if its Motion is granted.  *Id*.  Bass argues it "moved within two-three months of obtaining evidence to support amendment and fil[ed] … within five months of the amendment deadline."  *Id*.  Bass concludes its request to reopen the amendment to pleadings by stating "the significant fault of any delay came from the uncooperativeness of Brooks—not Bass."  *Id*.[3]

Mr. Kono's opposition to Bass' motion seeking to reopen the pleading amendment deadline is based largely on Bass' failure to timely engage in discovery.  ECF No. 37.  Mr. Kono says that Bass filed its Motion for Expedited Discovery on February 8, 2023, but conducted no discovery until May 27, 2022.  *Id*. at 5-6.  Mr. Kono admits that the discovery period did not open until April 25, 2022 (*id*. at 6 *citing* ECF No. 23), but, nonetheless, points out that Bass did not serve its first set of written discovery until August 12, 2022, more than three months into the discovery period.  *Id*.  Bass then filed its first motion to extend discovery on September 8, 2022 (ECF No. 29), which resulted in an extension of the discovery period to January 30, 2023.  ECF No. 32.

Bass issued its third-party subpoenas commencing on various dates, with return dates ranging from September 26, 2022 through October 27, 2022.  The Brooks subpoena was issued at the end of September with three months of the extended discovery period left.  ECF No. 37 at 7.  Mr. Kono takes issue with Bass' representation that he "admitted" soliciting Bass customers because the responses to the discovery requests state only who he "***spoke to***, … a far cry from an admission of solicitation …."  *Id*. at 7 n.1 (emphasis in original).  Mr. Kono does not mention that Brooks failed to respond to a subpoena on its original due date or after a one week extension granted by Bass. Instead, Mr. Kono shifts the blame stating "Plaintiff waited over two months after Brooks' extended deadline to respond to the … Subpoena … to file the Motion [to Compel]."  *Id*. at 8.  Also leaving

---

[3]    Bass spends five pages on its motion to extend (not continue as stated by Bass) discovery deadlines, but whether to extend—now reopen—discovery is dependent on whether the Motion to Amend is granted.

out that Bass' motion to compel was granted by a federal court in New Jersey because Brooks never responded to the motion, Brooks says Bass received the formal response to the subpoena (served in late September 2022) on January 17, 2023 (thirteen days before the close of discovery). *Id*. Brooks says that it is "[o]f particular importance" that Bass "had the same information at its disposal when it filed the instant Motion for Leave" to which the amended complaint is attached. *Id*.

Mr. Kono takes issue with Bass' contention that he refused to provide responses to document requests seeking his Brooks-issued emails stating that after meeting and conferring he believed the issue was resolved. *Id*. at 8-9. Mr. Kono points out that it took Bass three months to revisit the failure to produce documents, which led to Mr. Kono maintaining he would produce nothing more than he already had reiterating, *inter alia*, that the documents sought are Brooks' property—property Bass first sought in September 2022, but which request Brooks ignored until a federal court order required the production in January 2023. *Id*. at 9.

Bass' Reply opens by pointing to an email demonstrating Brooks first recruited Mr. Kono in August 2021 by which time Brooks was aware that Mr. Kono had a non-solicitation agreement. ECF No. 41 at 2 *citing* Exhibit 13. More importantly, Bass says the email reflected in Exhibit 13, and others, "were the precise personal emails that Kono refused to produce—either through gamesmanship or deletion …." *Id*. Bass cites to Mr. Kono's responses to its first set of document requests in which Bass sought relevant emails from six private email accounts held by Mr. Kono to which Mr. Kono responded there were "[n]one." ECF No. 34-1 at 35-36.[4] Bass says that while it suspected there were responsive emails supporting its request to amend the complaint, these emails were not received until responses to Bass' third party subpoenas arrived in October, 2022. ECF No. 41 at 2. Bass further points out that while Brooks produced documents responsive to its September subpoena on January 17, 2022—which was after the District Court in New Jersey issued its order on January 5, 2022—Brooks subsequently produced over 90,000 documents on January 24, and 30,

---

[4]     Bass' Request for Production No. 36 states: "All emails sent between your Bass (@bass.com) work email account and any email account you maintained or had possession, custody, or control while employed at Bass, including but not limited to the following from January 1, 2020: dk90004@gmail.com Dk90004@hotmail.com dk90020@gmail.com DKP89138@GMAIL.COM dkwk7411@gmail.com hdk0320@hotmail.com" *Id*. at 35.

2023.  *Id*. at 3 *citing* Exhibit 15.  Despite this very late production by Brooks, Mr. Kono refused to continue the discovery deadline.  *Id*.

### III.   Discussion

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts are directed to grant leave to amend "when justice so requires."  The Ninth Circuits consistently admonishes the district courts to "liberally allow a party to amend its pleadings."  *Bermuda Road Properties, LLC v. Ecological Steel Systems, Inc*., Case No. 2:12-cv-01579-JAD, 2015 WL 4603485, at *1 (D. Nev. Jul. 30, 2015) *citing Sonoma Cnty Ass'n of Ret. Emps. V. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

 "[W]hen leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must … show good cause to reopen the amendment period and excusable neglect for the delay."  *Bermuda Road*, 2015 WL 4603485, at *1 *citing* Fed. R. Civ. P. 6(b)(1)(B).  Good cause requires a showing of diligence.  *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  Excusable neglect is a balancing test based on four parameters including (1) prejudice to the opposing party, (2) the length of delay and potential impact on judicial proceedings, (3) the reason for delay and whether the delay was within the movant's control, and (4) whether the moving party is acting in good faith.  *Pioneer Inv. Servs., Co. v. Brunswick Assocs., Ltd., P'ship*, 507 U.S. 380, 395 (1993).  Nonetheless, "[a] motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'  …  Rule 15(a) is designed 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'"  *Chase v. Principal Life Insurance Company*, Case No. 14-5932-RJB, 2015 WL 12434366, at *1 (W.D. Wash. Dec. 14, 2015) *citing Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143, (9th Cir. 2011).

The Court first discusses diligence recognizing that Bass waited until August 2022 to commence the written discovery process in this case.  This is not a good fact for Bass.  However, once commenced, Bass' efforts to gather information continued through Mr. Kono, through third party subpoenas, one of which was served on Brooks—the party Bass seeks to add in its amended complaint—that Brooks ignored until a court order required a response, and through deposition of

Mr. Kono and Brooks (albeit these were delayed as a result of other motion practice). Further, Mr. Kono does not come to his diligence argument with complete impunity. Mr. Kono, an employee of Brooks, clearly knows a subpoena was served on Brooks in September 2022 seeking documents Mr. Kono said he could not produce because they were within Brooks' custody and control. Mr. Kono also knows that Brooks failed to respond to that subpoena until a federal court ordered it to do so in January 2023. Mr. Kono also knows the last installment of Brooks' production occurred on January 30, 2023, the date on which discovery closed.

Based on the facts before the Court, the Court finds Bass acted with reasonable diligence in pursuing discovery from Mr. Kono, Brooks, and other third parties during the discovery period. Bass also set Mr. Kono and Brooks' depositions for January 30, 2023, a date to which Mr. Kono objected. The totality of the above discussed facts supports the conclusion that there was sufficient diligence in this case within the once-extended discovery period to meet the requirement for good cause.

With respect to excusable neglect, the Court finds no evidence of bad faith by Bass.[5] Bass did not act for an improper purpose or otherwise engage in conduct demonstrating abuse of the litigation process. The reason for the delay in seeking the amendment was a combination of Mr. Kono's denial that he possessed or could produce any documents responsive to various document requests and waiting for subpoena responses received in October 2022. The very delayed subpoena response from Brooks further exacerbated the discovery process. The timing of service of the subpoenas, including the subpoena on Brooks, was within Bass' control and well within the discovery period.

Mr. Kono's argument regarding prejudice relies primarily on Rule 1 of the Federal Rules of Civil Procedure. ECF No. 37 at 15. Rule 1 requires all other Rules of Civil Procedure to "be administered in a manner to secure the just, speedy, and inexpensive determination of every action

---

[5] Mr. Kono misstates on whom the burden lies to demonstrate bad faith. *See* ECF No. 37 at 17 in which Mr. Kono contends Bass, who brought the motion, provides no evidence that good faith exists. In this case, Mr. Kono is the party opposing amendment, and it is Mr. Kono who bears the burden of demonstrating permissible grounds for denying amendment is met. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Capuano v. Kenneth Eisen & Associates, Ltd.*, Case No. CV-11-02395-PHX-JAT, 2012 WL 2376675, *3 (D. Ariz. June 22, 2012) ("[L]eave to amend should be freely given unless the opposing party makes 'an affirmative showing of either prejudice or bad faith,'" *quoting Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988)).

and proceeding." To this end, delay in proceedings may constitute prejudice under certain circumstances. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (recognizing delay alone is "not a dispositive factor in the amendment analysis"; however, circumstances exist where delay will result in prejudice).

Mr. Kono argues Bass is not seeking a brief extension to conduct a bit more discovery; rather, Bass "seeks to restart discovery … by extending it 180 days and joining Brooks." ECF No. 37 at 15. Mr. Kono correctly says Brooks will have the right to conduct its own discovery, adding this might result in duplication of discovery already conducted. *Id*. All of this may delay a trial in the matter thereby resulting in a "prejudicial effect" on Mr. Kono's "guarantees under Rule 1 …." *Id*.

Bass responds that every party is entitled to a "just, speedy, and inexpensive" determination of its claims, not just Mr. Kono, and that "the passage of time is not reason enough to preclude amendment." ECF No. 41 at 4 *citing* Fed. R. Civ. P. 1 and *Bermuda Road*, 2015 WL 4603485, at *2. Bass also says it first discovered evidence to support its amendment after the deadline to amend expired. Indeed, there can be no doubt that third-party responses to Bass did not come until after the amendment deadline past.

The facts demonstrate that the passage of time between when Bass received responses to its third-party subpoenas, other than to Brooks, in October, 2022, and the Motion to Amend filed on January 6, 2023, is insufficient alone to support the conclusion that Mr. Kono was prejudiced. Mr. Kono had the opportunity to produce emails from his email accounts in response to discovery requests propounded by Bass. Mr. Kono, however, said there were no responsive emails to the requests made. ECF No. 34-1 at 67-127. Bass then subpoenaed documents from third-parties. The responses to those subpoenas rolled in with the last coming in sometime toward the end of October 2022. ECF No. 34-1 at 136-246. The Motion to Amend was filed less than three months later on January 6, 2023. ECF No. 34. This passage of time is simply insufficient, in and of itself, demonstrate prejudicial delay.

Nonetheless, the Court must consider whether there is sufficient prejudice, regardless of delay, to warrant a denial of Bass' Motion. Although there are no citations to which the Court can point, the Court reasonably infers from all arguments and evidence presented that the email recited

in the proposed amended complaint came from responses to third party subpoenas, other than Brooks, which responses were received, at the latest, at the end of October 2022. The information found in those emails was not available to Bass before the responses were received because Mr. Kono claimed to have no responsive documents, producing no emails from his personal accounts and nothing on his Brooks email account in initial disclosures or in response to a document request.

While Bass may have suspected a basis for the amendment it seeks before Bass received documents through subpoenas to third party, it did not have what it believed was sufficient evidence on which to base an amendment until after the date for amendments past. When this is coupled with the fact (1) that Bass has not previously attempted to amend its Complaint and, therefore did not fail to cure deficiencies related to prior amendment, (2) Mr. Kono presents no evidence of bad faith or dilatory motive by Bass, (3) Brooks delayed these proceedings by ignoring a subpoena until a federal court required compliance, (4) there is no trial date set in this case, and (5) the failure to grant the amendment would likely lead to a separate lawsuit against Brooks by Bass that would only increase costs and time expended to reach a full result of the issues presented, the Court finds the policy underlying Rule 1 and the Court's preference to decide disputes on their merits are best served by granting Bass leave to amend.[6]

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that Bass' Motion for Leave to File Amended Complaint (ECF No. 34) is GRANTED.

IT IS FURTHER ORDERED that Bass **must** file its Amended Complaint, exactly as it currently appears in the exhibit submitted to the Court no later than **May 10, 2023**.

IT IS FURTHER ORDERED that the filing of the Amended Complaint effects service on Brooks Group Insurance Agency, LLC, which will have through and including **May 31, 2023** to file its responsive pleading.

IT IS FURTHER ORDERED that Defendant David Kono will have through and including **May 31, 2023** to file his responsive pleading.

---

[6] The Court read Mr. Kono's futility argument. However, Mr. Kono's argument is "more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.P.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

IT IS FURTHER ORDERED that Bass' Motion to Continue Discovery Deadline (ECF No. 35) is GRANTED.

IT IS FURTHER ORDERED that all parties **must** meet and confer, ***in good faith without focusing on technicalities and minutia***, no later than **May 31, 2023** to discuss an amended discovery plan and scheduling order.

IT IS FURTHER ORDERED that the extended discovery period cannot be longer than an additional 180 days measured from **May 31, 2023**.  ***ALL*** parties must work cooperatively to avoid any duplication of discovery already completed using their respective intelligence, experience, and expertise to achieve the same.

IT IS FURTHER ORDERED that any dispute regarding the discovery plan and scheduling order, which the parties are certain cannot be decided without Court intervention, **must not be filed as a motion, but rather must be presented to the Court in a single succinct joint statement outlining each party's respective position**.  The Court will promptly consider the same and either issue a ruling or set a hearing for purposes of hearing argument and issuing a decision.

Dated this 28th day of April, 2023.

ELAYNA YOUCHAH
UNITED STATES MAGISTRATE JUDGE