UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BASS UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID KONO, BROOKS INSURANCE AGENCY, LLC, <br><br> Defendants. | Case No. 2:22-cv-00138-RFB-EJY <br><br> **ORDER** |

Pending before the Court is Bass Underwriters' Motion to Amend July 17, 2024 Order, which was filed on August 16, 2024.[1] ECF No. 137. No response to the Motion was timely filed by Brooks Group Insurance ("Brooks"). While Local Rule 7-2(d) allows the Court to treat a failure to respond to a motion as consent to grant the motion, here, the Court is confused why Bass is arguing Brooks is being asked to pay a fee that does not appear to arise under the parties' agreement.

At the last minute, Brooks cancelled a mediation set for July 18, 2024. Brooks agreed to pay, and did pay, the entire fee associated with that cancellation. An additional fee was charged for what appears to be the rescheduling of the mediation ("$5,700 fee to reschedule the mediation"). Nonetheless, as the Court intimates, given Bass's arguments, the Court cannot say with 100 percent certainty that the additional $5,700 unpaid fee applies to a new mediation rather than cancellation of the original mediation date. If the unpaid $5,700 fee is associated with the cancellation, then, as Bass argues, Brooks is responsible as Brooks agreed to pay "all mediator-associated fees and costs related to the *cancellation* of the mediation." If the unpaid fee arises from a newly set mediation, it is unclear why Brooks would owe this amount as Bass does not contend Brooks agreed to pay all fees and costs associated with a rescheduled mediation.

Accordingly, IT IS HEREBY ORDERED that Bass Underwriters' Motion to Amend July 17, 2024 Order (ECF No. 137) is DENIED without prejudice.

---

[1] Bass Underwriters, Inc. is sometimes referred to herein as "Bass."

1

IT IS FURTHER ORDERED that Bass Underwriters may refile its Motion if it has evidence and chooses to provide an explanation for why the Court's Order at ECF No. 134 should be amended to include language requiring Brooks to pay an amount that does not, based on all information provided by Bass, appear to arise from cancellation of mediation but, rather, from resetting the mediation.

Dated this 3rd day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE