DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
JAROD B. PENNIMAN
Nevada Bar No. 16299
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JLiebman@BaileyKennedy.com
JPenniman@BaileyKennedy.com

*Attorneys for Defendant*
BROOKS GROUP INSURANCE
AGENCY, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BASS UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID KONO, BROOKS GROUP INSURANCE AGENCY, LLC, <br><br> Defendants. | Case No.  2:22-cv-00138-RFB-EJY <br><br> **STIPULATION AND ORDER TO EXTEND DEADLINES** <br><br> **(Sixth Request)** |

Defendants Brooks Insurance Agency, LLC ("Brooks"), David Kono ("Kono"), and Plaintiff Bass Underwriters, Inc. ("Bass") (collectively, the "Parties"), by and through their respective attorneys of record, stipulate and agree as follows:

**A.   Discovery Completed**

1. Bass' Initial Disclosures dated June 21, 2022.

2. Bass' First Supplement to Initial Disclosures dated July 12, 2022.

3. Bass' Second Supplement to Initial Disclosures dated July 14, 2022.

4. Bass' Third Supplement to Initial Disclosures dated August 22, 2022.

5. Bass' Fourth Supplement to Initial Disclosures dated September 2, 2022.

6. Bass' Fifth Supplement to Initial Disclosures dated October 3, 2022.

7. Bass' Sixth Supplement to Initial Disclosures dated October 14, 2022.

8. Bass' Seventh Supplement to Initial Disclosures dated October 19, 2022.

9. Bass' Eighth Supplement to Initial Disclosures dated October 19, 2022.

10. Bass' Ninth Supplement to Initial Disclosures dated January 30, 2023.

11. Bass' Expert Disclosure dated September 15, 2022.

12. Bass' subpoenas to over 10 parties that have left Bass to Kono's current employer.

13. Bass' Responses to Kono's First Set of Interrogatories to Bass and Requests for Production of Documents to Bass dated July 14, 2022.

14. Bass' First Supplemental Responses to Kono's First Set of Interrogatories and Requests for Production of Documents to Bass dated August 22, 2022.

15. Bass' First Set of Interrogatories to Kono dated August 12, 2022.

16. Bass' First Set of Requests for Production of Documents to Kono dated August 12, 2022.

17. Deposition of Kono dated January 30, 2023.

18. Bass' First Set of Interrogatories to Brooks dated April 17, 2024.

19. Bass' First Set of Requests for Production of Documents to Brooks dated April 17, 2024.

20. Kono's Initial Disclosures dated June 14, 2022.

21. Kono's First Supplemental Disclosure Statement dated September 12, 2022.

22. Kono's First Set of Interrogatories to Bass dated May 27, 2022.

23. Kono's First Set of Requests for Production of Documents to Bass dated May 27, 2022.

24. Kono's Responses to Bass' First Set of Interrogatories to Kono dated September 12, 2022.

25. Kono's Responses to Bass' First Set of Requests for Production of Documents to Kono dated September 12, 2022.

26. Kono's First Supplemental Responses to Bass' First Set of Interrogatories to Kono dated November 4, 2022.

27. Kono's First Supplemental Responses to Bass' First Set of Requests for Production of Documents to Kono dated November 4, 2022.

28. Deposition of Rule 30(b)(6) of Bass dated January 30, 2023.

29. Deposition of Sara Eanni dated September 20, 2022.

30. Deposition of Wayde Kitchens dated September 26, 2022.

31. Deposition of Nate Worden dated September 21, 2022.

32. Brooks' Initial Disclosures dated March 22, 2024.

33. Brooks' First Supplement to Initial Disclosures dated December 20, 2024.

34. Brooks' First Set of Interrogatories to Bass dated May 3, 2024.

35. Brooks' First Set of Requests for Production of Documents to Kono dated May 3, 2024.

36. Brooks' First Set of Requests for Admissions to Kono dated May 3, 2024.

**B.  Discovery That Remains To Be Completed**

37. Deposition of David Rose, President for Brooks.

38. Deposition of Rule 30(b)(6) witness for Brooks.

39. Deposition of Kristy DiTommaso, Director of Wholesale Operations of Brooks.

40. Bass' responses to Brooks' First Set of Interrogatories.

41. Bass' responses to Brooks' First Set of Requests for Production of Documents.

42. Bass' responses to Brooks' First Set of Requests for Admissions.

43. Deposition of Rule 30(b)(6) witness for Bass.

44. Brooks' responses to Bass' First Set of Interrogatories.

45. Brooks' responses to Bass' First Set of Requests for Production of Documents.

**C.  Reasons Why The Deadline Was Not Satisfied**

46. On June 7, 2024, Bass and Brooks submitted a Joint Motion to Extend Discovery Deadlines [ECF No. 126].

47. On or around June 24, 2024, Magistrate Judge Youchah ordered the Parties to conduct a mediation on July 18, 2024, and for Bass and Brooks to file a status report regarding discovery on or before August 15, 2024.

48. The Parties understood that the requested status report would outline what additional discovery would be needed if the mediation were unsuccessful.

49. On July 16, 2024, local counsel, Ropers Majeski, and national counsel, ArentFox Schiff, for Brooks filed a Motion to Withdraw as Counsel for Brooks and Continue Mediation [ECF No. 130].

50. Also, on July 16, 2024, the Parties filed a Joint Stipulation to Continue Mediation [ECF No. 132] to allow Brooks to find new counsel and allow sufficient time for Brooks' new counsel to prepare for mediation.

51. On July 17, 2024, Magistrate Judge Youchah granted the Parties' Joint Stipulation to Continue Mediation and ordered the Parties to conduct a mediation no later than September 20, 2024, and for the Parties to file a status report regarding discovery on or before September 30, 2024. Once again, the Parties understood that the requested status report would outline what additional discovery would be needed if the mediation were unsuccessful.

52. On July 19, 2024, the Court entered its Order [ECF No. 136] granting Brooks' Unopposed Motion to Withdraw as Counsel.

53. Despite its diligent efforts, Brooks was unable to retain new counsel until September.

54. On September 9, 2024, newly retained counsel for Brooks, the law firm of Bailey❖Kennedy, filed its Notice of Appearance [ECF No. 139].

55. On September 23, 2024, Magistrate Judge Youchah granted the Parties' Joint Stipulation to Continue Mediation and ordered the Parties to conduct mediation on October 21, 2024, and for the Parties to file a status report regarding discovery on or before October 31, 2024 [ECF No. 142].

56. On October 31, 2024, after mediation was unsuccessful on October 21, 2024, the parties submitted the Status Report Regarding Discovery outlining what additional discovery would be needed [ECF No. 144].

57. It was not until December 20, 2024 that Brooks' prior counsel, ArentFox Schiff, began to transfer the Brooks client file to Bailey❖Kennedy. As of the date of this Stipulation, Bailey❖Kennedy has not received the entire Brooks client file.

58. Bass and Brooks have engaged in coordinating the deposition of David Rosen, the President of Brooks. However, the parties have been unable to finalize a date as Mr. Rosen recently underwent surgery and is recovering. Any date in which Mr. Rosen will be available for deposition is after the current discovery cut-off deadline of January 17, 2025.

59. On December 18, 2024, Bass served a Notice of Serving Subpoenas to Brooks and Kono for the production of documents and testimony of Cardigan General Insurance Services, LLC d/b/a ComStar General Insurance Solutions ("ComStar") (the "Subpoena"). The deposition of ComStar is currently noticed for January 3, 2025.

60. The parties, including ComStar, have already indicated to Bass that the date provided for the deposition of ComStar will not work.

61. Additionally, based on the Subpoena being served during the holiday season, Kono and Brooks need additional time to review the Subpoena and raise any objections.

62. In the event Kono and Brooks raise such objections to the Subpoena, the parties will need time to conduct a meaningful meet and confer on any related objections.

63. Due to the timing of the deposition of ComStar, the holidays, and the eventual objections raised by Kono and Brooks, the parties will need to re-notice the deposition of ComStar.

64. As a result of the aforementioned, additional time to conduct discovery will be necessary if the mediation is unsuccessful. Thus, the Parties have agreed to a continuation of the discovery and other deadlines, as set forth below:

| Name of Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | January 17, 2025 | **March 3, 2025** |
| Dispositive Motions | February 14, 2025 | **March 31, 2025** |
| Joint Pretrial Order | April 2, 2025 | **May 19, 2025** |

/ / /

/ / /

/ / /

/ / /

65. This stipulation is submitted in good faith and not to delay the proceedings.

DATED this 27th day of December, 2024.

**COZEN O'CONNOR**

By: */s/ Karl O. Riley*
    KARL O. RILEY

*Attorneys for Plaintiff*
BASS UNDERWRITERS, INC.

DATED this 27th day of December, 2024.

**BAILEY❖KENNEDY**

By: */s/ Jarod B. Penniman*
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JAROD B. PENNIMAN

*Attorneys for Defendant*
BROOKS GROUP INSURANCE AGENCY, LLC

DATED this 27th day of December, 2024.

**ZUMPANO PATRICIOS POPOK & HELSTEN**

By: */s/ Amanda J. Brookhyser*
    AMANDA J. BROOKHYSER

*Attorneys for Defendant*
DAVID KONO

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED: December 27, 2024**