UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BASS UNDERWRITERS, INC., | Case No. 2:22-cv-00138-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| DAVID KONO, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Bass Underwriters, Inc. ("Bass")'s objection/appeal, (ECF No. 121), to the order of the Honorable Elayna J. Youchah, U.S. Magistrate Judge, issued on April 17, 2024 (ECF No. 119). For the following reasons, the Court denies Plaintiff's objection.

### I.   PROCEDURAL HISTORY

This is a trade secret misappropriation action initiated by Plaintiff Bass with a Complaint against Defendant David Kono filed on January 26, 2022. ECF No. 1. On the same day, Plaintiff filed a motion for a temporary restraining order. ECF No. 3. On January 27, the Court granted the motion. ECF No. 7. On March 4, 2022, the parties stipulated to a preliminary injunction. ECF No. 18. On March 8, the Court granted the stipulation. ECF No. 19.

Plaintiff filed a First Amended Complaint ("FAC") on May 10, 2023, adding Defendant Brooks Group Insurance Agency, LLC ("Brooks"). ECF No. 62. Defendant Brooks filed a motion to dismiss on May 31, 2023. ECF No. 67. At a hearing held on January 16, 2024, the Court denied Defendant's motion to dismiss. ECF No. 112.

On January 19, 2024, Plaintiff filed a motion to compel Defendant Kono's responses to interrogatories and requests for production of documents. ECF No. 109. The motion was fully briefed by February 23, 2024. ECF Nos. 117, 118. On April 17, 2024, Judge Youchah denied

Plaintiff's motion to compel. ECF No. 119. On May 1, Plaintiff filed the instant objection/appeal to Judge Youchah's order. ECF No. 121. Defendant responded on May 15. ECF No. 125.

On January 30, 2025, the Court granted the parties' stipulation for an extension of time. ECF No. 152. Discovery is due by June 2, 2025, and dispositive motions by June 30. Id.

## II.  FACTUAL ALLEGATIONS

The following facts are generally alleged in Plaintiff's First Amended Complaint:

Plaintiff employed Defendant Kono as an insurance broker/underwriter in its Las Vegas office from December 2016 until September 29, 2021, at which point Defendant Kono left Plaintiff to work for Plaintiff's competitor, Defendant Brooks. While working for Plaintiff, Defendant Kono signed a Non-Disclosure Agreement wherein he agreed not to disclose trade secrets obtained through his employment with Plaintiff to any third parties.

Just before Defendant Kono left Plaintiff to work for Defendant Brooks, he copied client lists, contact information, policy details and renewal dates, premium/pricing information, and other non-public business information to a USB flash drive. Plaintiff alleges that Defendant Kono used this information in his role with Defendant Brooks in order to steal clients from Plaintiff.

After discovery of the USB drive, Plaintiff sent a letter to Defendant Kono reminding him of his non-Disclosure and non-Solicitation obligations and demanded that he cease his solicitation of Plaintiff's former clients. Plaintiff alleges that Defendant Kono replied by sending Plaintiff a USB drive that was completely different than the one Defendant had used to save information while working for Plaintiff.

Plaintiff alleges that Defendant Kono remains in possession of the confidential and/or trade secret information and continues to use it to steal Plaintiff's clients.

## III.  LEGAL STANDARD

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a); Laxalt v. McClatchy, 602 F. Supp. 214,

216 (D. Nev. 1985). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. See, e.g., Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). "'Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." United States v. Palafox, No. 2:16-cr-00265-GMN-CWH1, 2019 WL 281279, at *1 (D. Nev. Jan. 18, 2019) (citation omitted).

When reviewing the Order, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citing United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir. 1988)).

## IV.  DISCUSSION

The Court now weighs the merits of Plaintiff's objection/appeal to Judge Youchah's order on Plaintiff's motion to compel. In the underlying motion, Plaintiff moved for the Court to compel supplemental responses to thirty-four interrogatories and requests for production of documents.

The Court finds that the thrust of Plaintiff's objection/appeal rests on three bases: (1) Judge Youchah improperly shifted the burden of persuasion to Plaintiff; (2) Judge Youchah misapplied the law as to whether certain documents were in Defendant Kono's possession, custody, or control; and (3) Judge Youchah erroneously denied Plaintiff's request for production of Defendant's personal phone and Brooks-issued laptop. The Court considers each of these objections in turn.

### A. Objection #1: Burden-Shifting

First, Plaintiff argues that Judge Youchah improperly shifted the burden of persuasion to Plaintiff to establish that Defendant's objections were not justified. Plaintiff also argues that Judge Youchah did not consider the relevancy of each of Plaintiff's requests. The Court finds Plaintiff's argument unpersuasive.

In a motion to compel discovery, "[t]he moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." Hancock v. Aetna Life Ins. Co., 321 F.R.D. 383, 390 (W.D. Wash. 2017); Stevens v. Martinez, No. 1:21-cv-01144-JLT-SKO (PC), 2024 WL 5145811, at *5 (E.D. Cal. Dec. 16, 2024) (accord). "The party must therefore inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response . . . why the responding party's objections are not meritorious." Hancock, 321 F.R.D. at 390.

Here, Judge Youchah found that "Plaintiff's moving papers offers broad brush arguments regarding Defendant's deficiencies while failing to inform the Court why, for each (or any) disputed discovery response, Defendant's objections are not justified." The Court finds Judge Youchah's order to be consistent with the legal standard as outlined by Hancock, particularly as to Plaintiff's burden to identify the flaws in Defendant's responses. Looking to Plaintiff's underlying motion to compel, the Court indeed finds that Plaintiff merely offers blanket arguments in the form of conclusory statements as to the deficiencies of Defendant's responses, rather than applying law to the facts of each disputed response. The Court therefore finds that Judge Youchah did not err in her application of the law, when she stated that "it is Plaintiff's job to identify and argue why any given answer to a discovery request fails to be responsive and must be supplemented."

Further, Plaintiff argues that "[t]he Magistrate Judge failed to evaluate that Bass discussed the relevancy of each discovery request in its meet and confer letters, and summarily stated that Bass failed to meet its burden." As discussed, however, Plaintiff's burden is not limited to a showing of relevancy. Moreover, Plaintiff fails to show how Judge Youchah's decision not to weigh the relevancy of each individual request, which Plaintiff itself fails to do, is contrary to the law. Judge Youchah held that Plaintiff offered only conclusory statements as to the relevancy of the requests, and the Court agrees. Even if Plaintiff successfully demonstrated the relevancy of its requests within its meet and confer letters, provided in a nearly 200-page appendix to its motion, Judge Youchah clarified that it is not required of the Court "to search for, review, and then analyze each interrogatory and document request . . ." This is not contrary to law. See, e.g., Murillo v.

- 4 -

Holland, No. 1:15-cv-0266 KJM DB P, 2018 U.S. Dist. LEXIS 31770 at *7 (E.D. Cal. Feb. 27, 2018) ("The court is not required to sift through each request and each response."). Accordingly, the Court denies Plaintiff's objection/appeal of the magistrate order on the grounds of improper burden shifting, or an alleged neglect to consider the relevancy of the discovery requests.

### B. Objection #2: Possession, Custody, or Control

Next, Plaintiff argues that Judge Youchah's order was contrary to law in finding that Plaintiff did not carry its burden of demonstrating that Defendant is in possession, custody, and control of certain documents.

Federal Rule of Civil Procedure 34 requires a party served with document requests to produce responsive, non-privileged documents which are in that party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The Ninth Circuit has held that "[c]ontrol is defined as the legal right to obtain documents upon demand." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting United States v. Int'l Union of Petroleum & Indus. Workers AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)). As the party seeking production of documents under Rule 34, Plaintiff has the burden of proving that a Defendant has legal control over (i.e., the legal right to obtain on demand) the identified documents. In his motion to compel, Plaintiff cited to a single case to argue that Defendant Kono has the legal right to obtain these documents. Moreover, he provided no evidence as to Defendant Kono's ability to obtain the documents beyond a cursory assertion that Defendant Kono *should* be able to access them.

In the order on the motion to compel, Magistrate Judge Youchah correctly held that it is Plaintiff's burden to demonstrate that Defendant Kono is in possession, custody, and control of the documents sought, including that Defendant Kono has the legal right to disclose the requested information. Judge Youchah considered the sole case cited by Plaintiff and found that it was distinguishable from the current case. This Court agrees. The defendant in that case, Villery v. Crounse, No. 18-cv-01623-NONE-SKO (PC), 2021 WL 5040379 (E.D. Cal. Oct. 29, 2021), is not similarly situated to the Defendant in this action because the defendant in Villery, unlike Defendant Kono, admitted that he possessed, controlled, or had custody over his employer's documents. Moreover, Judge Youchah considered the limited facts presented by Plaintiff and found them

- 5 -

insufficient to justify a determination of legal control. Therefore, she held that Plaintiff failed to carry his burden of demonstrating Defendant Kono is in possession, custody and control of documents sought, but not produced. The Court finds that Judge Youchah applied the correct law, considered Plaintiff's cited caselaw, and noted the relevant facts. Therefore, Plaintiff has failed to demonstrate that Judge Youchah's finding that Defendant did not have possession, custody and control of certain documents was contrary to law or clearly erroneous.

### C. Objection #3: Phone and Laptop Imaging

Lastly, Plaintiff argues that Judge Youchah's denial of Plaintiff's request for production of Defendant's personal phone and Brooks-issued laptop is both factually erroneous and contrary to law. For the following reasons, the Court denies Plaintiff's request for relief on these grounds.

Plaintiff argues that Judge Youchah's decision was factually erroneous because she "found no document request seeking production of Defendant's personal phone or Brooks-issued laptop." In his objection to this finding, Plaintiff cites to (1) his summary of requests in the underlying motion to compel which lists "categories of documents that apply to Defendant's phone and Brooks-issued laptop," (2) an interrogatory listing the phone and laptop as containing Plaintiff's information, and (3) a request for production of documents requesting forensic copies of anything listed in the aforementioned interrogatory. However, Judge Youchah did not deny the motion to compel a forensic examination due to Plaintiff's failure to clearly request production of the phone and computer. Rather, Judge Youchah merely highlighted, aptly, that Plaintiff's briefing "offer[ed] no argument in favor of production of Defendant's phone and work laptop." In spite of this, Judge Youchah went on to consider the merits of the request.

Courts are generally reluctant to permit a party unlimited access to an electronic device in the absence of a discovery violation or the owner's consent. See Lincoln Benefit Life Co. v. Fundament, No. SACV 18-00260-DOC (JDEx), 2018 U.S. Dist LEXIS 224363, at *3 (C.D. Cal. Nov. 7, 2018) (collecting cases and finding plaintiff's requests for unlimited access to electronic devices was not supported by the record). Permitting forensic inspection is "an extraordinary remedy that requires substantial support," such as when "serious questions exist both as to the reliability and the completeness of materials produced." Vasudevan Software, Inc. v.

Microstrategy, Inc., No. 11-cv-06637-RS-PSG, 2013 U.S. Dist. LEXIS 48525, at *2 (N.D. Cal. Apr. 3, 2013) (citations omitted).

Plaintiff argues that Judge Youchah misapplied the law regarding when a party may compel a forensic examination. Plaintiff reference specifically the persuasive but nonbinding holding of Ignite Spirits, Inc. v. Consulting by AR, Ltd. Liab. Co., No. 2:21-cv-01590-JCM-EJY, 2022 U.S. Dist. LEXIS 144307, (D. Nev. Aug. 11, 2022). In her order on the motion to compel, Judge Youchah cited to Ignite Spirits for the proposition that "a forensic examination of an electronic device" will be ordered "only after a finding of some discovery violation." Id. at *4. She found no discovery violation in this case and, thus, Plaintiff's motion for a forensic examination was denied. While the Court does not find this case to be binding, it does find it to be persuasive in the instant case. And in this objection/appeal Plaintiff argues that a discovery violation did occur. However, Plaintiff failed to raise any such argument in the underlying motion to compel, which is why Judge Youchah held that Plaintiff failed to meet his burden to justify a forensic examination of the phone and laptop. The Court further finds that Plaintiff has failed to raise any arguments supporting a forensic examination of the phone and laptop. And, Plaintiff's additional arguments in this objection/appeal are insufficient to overturn her order. See e.g., Greenhow v. Sec'y of Health & Hum. Servs., 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (holding that it is generally improper for a party to raise new arguments on appeal after the issuance of a magistrate's findings).

### V.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Objection/Appeal to Magistrate Order, (ECF No. 121), is **DENIED**.

**DATED:** March 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**