Dennis L. Kennedy
Nevada Bar No. 1462
Joseph A. Liebman
Nevada Bar No. 10125
Jarod B. Penniman
Nevada Bar No. 16299
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
JLiebman@BaileyKennedy.com
JPenniman@BaileyKennedy.com

*Attorneys for Defendant*
BROOKS GROUP INSURANCE
AGENCY, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BASS UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID KONO, BROOKS GROUP INSURANCE AGENCY, LLC, <br><br> Defendants. | Case No. 2:22-cv-00138-RFB-EJY <br><br> **STIPULATION AND ORDER TO TAKE BASS UNDERWRITERS, INC.'S FED. R. CIV. P. 30(B)(6) DEPOSITION OUTSIDE THE CLOSE OF DISCOVERY AND EXTEND THE DISPOSITIVE MOTION DEADLINE** |

Defendants Brooks Group Insurance Agency, LLC ("Brooks") and David Kono ("Kono") and Plaintiff Bass Underwriters, Inc. ("Bass") (collectively, the "Parties"), by and through their respective attorneys of record, stipulate and agree as follows:

1. On December 20, 2024, Jarod B. Penniman, counsel for Brooks, sent a draft Notice of Videotaped Deposition of Plaintiff Bass Underwriters, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice") to Karl O. Riley, counsel for Bass, and requested to reserve the date of January 15, 2025, to schedule the deposition. Mr. Riley never responded.

2. On January 15, 2025, Jan K. Tomasik, counsel for Bass, filed a Motion Regarding the Withdrawal of Karl O. Riley as Attorney of Record for Bass. The Motion indicated that the law firm of Cozen O'Connor would remain the law firm of record for Bass.

3.  On March 6, 2025, Mr. Penniman re-sent the Notice to Mr. Tomasik and requested dates that Bass' deponents would be available. Mr. Tomasik never responded.

4.  On March 25, 2025, Mr. Penniman re-sent the Notice to Mr. Tomasik and Gregory S. Hudson, counsel for Bass, and requested dates that Bass' deponents would be available. Mr. Tomasik responded on April 2, 2025, asking if "Greg [had] responded to schedule yet." On April 3, 2025, Mr. Penniman informed Mr. Tomasik that Mr. Hudson had not responded to schedule Bass' deposition.

5.  On April 10, 2025, after receiving no communication from Mr. Hudson or Mr. Tomasik, Mr. Penniman sent a follow-up email requesting deposition availability. After receiving no response, Mr. Penniman did the same thing on April 17, 2025, stating that if Brooks does not receive deposition availability by April 23, 2025, it would be unilaterally noticing the deposition.

6.  On April 29, 2025, Mr. Hudson, on behalf of Bass, and Mr. Penniman, on behalf of Brooks, participated in a telephonic meet and confer on an unrelated discovery dispute. However, during the meet and confer, Mr. Hudson stated that, depending on the modality in which Brooks wanted to take the deposition, he would get deposition availability for Bass' deponents.

7.  On May 6, 2025, Mr. Penniman informed Mr. Hudson that Brooks would be moving forward with an in-person deposition of Bass' 30(b)(6) representatives and Mr. Penniman requested the availability of Bass' deponents. Mr. Hudson never responded.

8.  On May 12, 2025, four days before the deadline to reasonably notice a deposition, Brooks noticed the Videotaped Deposition of Plaintiff Bass Underwriters, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) for the day discovery closed, June 2, 2025, at 9:30 a.m. (the "Deposition"). Counsel for Bass never objected to the date of the Deposition.

9.  On May 27, 2025, Mr. Penniman, as a professional courtesy, followed up with Mr. Hudson and Mr. Tomasik regarding the Deposition, ensuring that it would in fact be moving forward six days later. It was at this point that Mr. Hudson informed Bass that he cannot appear for the deposition due to an oral argument in the Fifth Circuit and that he had "been working to coordinate the corporate reps." It was also at this point that Mr. Hudson introduced Frank Toddre, who would be replacing Mr. Tomasik on the file.

10. That same day, Mr. Penniman agreed to vacate the Deposition as long as the parties agreed to stipulate that Brooks may proceed with the Deposition outside the close of discovery and to extend the dispositive motion deadline to allow for the Deposition to occur prior to the filing of any dispositive motions.  Additionally, Mr. Penniman expressed the need to get the Deposition re-scheduled around his impending paternity leave, beginning in mid-June.

11. On May 28, 2025, Mr. Toddre expressed difficulty in scheduling the Deposition prior to Mr. Penniman's paternity leave due to the travel necessities of the corporate representatives.  As such, Mr. Toddre informed the Parties that the Deposition will not be able to move forward until after Mr. Penniman returns from paternity leave.

12. Although discovery closed in this matter on June 2, 2025, the Parties have agreed that Brooks reasonably attempted on many occasions to schedule the Deposition within the discovery period to no avail, and that as a result, Brooks may proceed with the Deposition outside the close of discovery and use the transcript as if the Deposition had been taken during discovery. Based on the above, good cause exists to allow the Deposition to go forward outside of the discovery period.

13. As a result of Brooks taking the Deposition outside the close of discovery, the Parties have agreed to extend the dispositive motion deadline, currently set for June 30, 2025, to September 15, 2025.  Good cause exists to extend the dispositive motion deadline, as Brooks should be able to take the Deposition prior to its preparation and filing of dispositive motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14. This stipulation is made in good faith and not to delay the proceedings.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 9th day of June, 2025.

**COZEN O'CONNOR**

By: */s/ Frank A. Toddre, II*
    FRANK A. TODDRE, II

*Attorneys for Plaintiff*
BASS UNDERWRITERS, INC.

DATED this 9th day of June, 2025.

**BAILEY❖KENNEDY**

By: */s/ Jarod B. Penniman*
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JAROD B. PENNIMAN

*Attorneys for Defendant*
BROOKS GROUP INSURANCE AGENCY, LLC

DATED this 9th day of June, 2025.

**ZUMPANO PATRICIOS & HELSTEN**

By: */s/ Amanda J. Brookhyser*
    AMANDA J. BROOKHYSER

*Attorneys for Defendant*
DAVID KONO

**IT IS SO ORDERED; provided, however, no further extensions of the discovery deadline will be granted absent extraordinary unforeseen circumstances.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** June 10, 2025