Jan K. Tomasik, Esq.
Nevada Bar No.15104
Frank A. Toddre II, Esq.
**COZEN O'CONNOR**
1180 North Tower Center Dr., Suite 260
Las Vegas, NV 89144
Telephone: 702.470.2330
Facsimile: 702.470.2370
Email: jtomasik@cozen.com
       ftoddre@cozen.com
*Attorneys for Plaintiff*
*Bass Underwriters, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BASS UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID KONO; BROOKS GROUP INSURANCE AGENCY, LLC. <br><br> Defendants. | Case No.: 2:22-cv-00138-RFB-EJY <br><br> **STIPULATION AND ORDER TO TAKE BASS UNDERWRITERS, INC.'S FED. R. CIV. P. 30(B)(6) DEPOSITION OUTSIDE THE CLOSE OF DISCOVERY AND EXTEND THE DISPOSITIVE MOTION DEADLINE** |

Plaintiff Bass Underwriters, Inc. ("Bass"), Defendant Brooks Insurance Agency, LLC ("Brooks"), and Defendant David Kono ("Kono"), (collectively, the "Parties"), by and through their respective attorneys of record, stipulate and represent as follows:

The Parties submit this final request for an enlargement of time to take the deposition of Bass's FRCP 30(b)(6) witness depositions. The Parties are mindful of Magistrate Judge Youchah's previous order requiring that any further requests include an explanation of extraordinary or unforeseen circumstances.[1]

Brooks provided notice of deposition for the 30(b)(6) deponents in a timely manner. Upon review, Bass' counsel, in concert with the officers at Bass has identified three individuals that will

---
[1] ECF No. 160 filed June 10, 2025.

LEGAL\79623863\1

be appointed as the topical deponents. The Parties believe and represent the depositions will take place over a series of 2-3 days. The Parties have been in regular contact and communication regarding this case and specifically setting these depositions before dispositive motions. This is the final request for an enlargement of time and the Parties have set a time certain for these depositions.

Stipulations are governed by LR 7-1 and LR 26-4. Pursuant to LR 26-4 all discovery has been completed but for these 30(b)(6) depositions and any supplemental disclosures that arise from the same. This is the only discovery issue remaining.  The below provides the reasons why the deadline was not satisfied and the proposed remaining schedule to complete the depositions and submit dispositive motions.

1.      On December 20, 2024, Jarod B. Penniman, counsel for Brooks, sent a draft Notice of Videotaped Deposition of Plaintiff Bass Underwriters, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice") to Karl O. Riley, counsel for Bass, and requested to reserve the date of January 15, 2025, to schedule the deposition.  Mr. Riley never responded.  As such, on December 26, 2024, Brooks noticed the Videotaped Deposition of Plaintiff Bass Underwriters, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) for January 15, 2025, at 9:00 a.m.

2.      On January 8, 2025, Mr. Riley and Mr. Penniman had a telephonic conference wherein Mr. Riley shared that he was leaving his firm, Cozen O'Connor, P.C. ("Cozen O'Connor"), and another attorney in his office would be taking over the representation of Bass.  As such, Mr. Penniman agreed to vacate the Notice.

3.      On January 15, 2025, Jan K. Tomasik, counsel for Bass, filed a Motion Regarding the Withdrawal of Karl O. Riley as Attorney of Record for Bass.  The Motion indicated that the law firm of Cozen O'Connor would remain the law firm of record for Bass.

4.      On March 6, 2025, Mr. Penniman re-sent the Notice to Mr. Tomasik and requested dates that Bass' deponents would be available.  Mr. Tomasik never responded.

5.      On March 25, 2025, Mr. Penniman re-sent the Notice to Mr. Tomasik and Gregory S. Hudson, counsel for Bass, and requested dates that Bass' deponents would be available.  Mr. Tomasik

LEGAL\79623863\1

responded on April 2, 2025, asking if "Greg [had] responded to schedule yet." On April 3, 2025, Mr. Penniman informed Mr. Tomasik that Mr. Hudson had not responded to schedule Bass' deposition.

6. On April 10, 2025, after receiving no communication from Mr. Hudson or Mr. Tomasik, Mr. Penniman sent a follow-up email requesting deposition availability. After receiving no response, Mr. Penniman did the same thing on April 17, 2025, stating that if Brooks does not receive deposition availability by April 23, 2025, it would be unilaterally noticing the deposition.

7. On April 29, 2025, Mr. Hudson, on behalf of Bass, and Mr. Penniman, on behalf of Brooks, participated in a telephonic meet and confer on an unrelated discovery dispute. However, during the meet and confer, Mr. Hudson stated that, depending on the modality in which Brooks wanted to take the deposition, he would get deposition availability for Bass' deponents.

8. On May 6, 2025, Mr. Penniman informed Mr. Hudson that Brooks would be moving forward with an in-person deposition of Bass' 30(b)(6) representatives and Mr. Penniman requested the availability of Bass' deponents. Mr. Hudson never responded.

9. On May 12, 2025, four days before the deadline to reasonably notice a deposition, Brooks noticed the Videotaped Deposition of Plaintiff Bass Underwriters, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) for the day discovery closed, June 2, 2025, at 9:30 a.m. (the "Deposition"). Counsel for Bass never objected to the date of the Deposition.

10. On May 27, 2025, Mr. Penniman, as a professional courtesy, followed up with Mr. Hudson and Mr. Tomasik regarding the Deposition, ensuring that it would in fact be moving forward six days later. It was at this point that Mr. Hudson informed Bass that he cannot appear for the deposition due to an oral argument in the Fifth Circuit and that he had "been working to coordinate the corporate reps." It was also at this point that Mr. Hudson introduced Frank Toddre, who would be replacing Mr. Tomasik on the file.

11. That same day, Mr. Penniman agreed to vacate the Deposition as long as the Parties agreed to stipulate that Brooks may proceed with the Deposition outside the close of discovery and to extend the dispositive motion deadline to allow for the Deposition to occur prior to the filing of any dispositive motions. Additionally, Mr. Penniman expressed the need to get the Deposition re-scheduled around his impending paternity leave, beginning in mid-June.

12. On May 28, 2025, Mr. Toddre expressed difficulty in scheduling the Deposition prior to Mr. Penniman's paternity leave due to the travel necessities of the corporate representatives. As such, Mr. Toddre informed the Parties that the Deposition will not be able to move forward until after Mr. Penniman returns from paternity leave.

13. Although discovery closed in this matter on June 2, 2025, the Parties had agreed that Brooks reasonably attempted on many occasions to schedule the Deposition within the discovery period to no avail, and that as a result, Brooks may proceed with the Deposition outside the close of discovery and use the transcript as if the Deposition had been taken during discovery. Based on the above, good cause exists to allow the Deposition to go forward outside of the discovery period.

14. As a result of Brooks taking the Deposition outside the close of discovery, the Parties had previously agreed to extend the dispositive motion deadline, currently set for June 30, 2025, to September 15, 2025.

15. On June 10, 2025, Magistrate Judge Youcah signed an order permitting the Parties to take the depositions of the 30b6 representatives outside of discovery, and to set the dispositive motion to September 15, 2025.[2] The Court added language providing this would be the final extension or time absent extraordinary circumstance.

16. The Parties submitted a subsequent stipulation and order to also extend the deadline for the Joint Pretrial Order from August 18, 2025 until thirty days after the Court rules on any dispositive motions that are filed.[3] In the event that no dispositive motions are filed, the Parties stipulated to extend the deadline for the Joint Pretrial Order until thirty days after the dispositive motion deadline.[4]

17. Again, the Parties agree that Brooks reasonably attempted to schedule the deposition. Bass has identified three different appropriate individuals to testify on the three 30b6 topics. These three individuals are all executive level officers of the company and all reside in Florida.

18. Brooks counsel was unavailable for July due to paternity leave. All counsel was well notified of this and agreed it would serve all Parties best for Mr. Penniman to be present and conduct these depositions.

---

[2] *Id*.
[3] ECF No. 161 and 162. Order signed on August 8, 2025.
[4] *Id*.

19. Since Mr. Penniman returned, Kono counsel and Bass counsel had conflicts in early August. Following, the deponents have been largely unavailable due to the beginning of school, bringing children to college, and related unavoidable family oriented requirements. While the individuals were available for zoom depositions, only one of them could reasonably travel to Las Vegas for a deposition during the allowed for time under ECF No. 160.

20. It would serve case management and economic purposes to have all three deponents fly in and take the depositions in a consecutive manner.

21. The Parties have identified dates certain of September 29, 30 and October 1 for the depositions to occur in a 'block.' All three of the deponents will be flying from Florida to Las Vegas for these depositions to occur in person.

22. In respect to these depositions, the Parties request a related enlargement of time to continue the dispositive motion deadline subsequent to the last deposition date.

23. The Parties request the dispositive motion deadline be continued from **September 15, 2025** until **Monday November 3, 2025**.[5]

24. The Parties also request the Joint Pretrial Order deadline be extended until thirty days following the new dispositive deadline or thirty days following the Court's ruling on any dispositive motions filed.

25. The Parties also continue to discuss settlement negotiations informally.

26. The Parties agree that if Bass causes the depositions to get cancelled or delayed, under any circumstances, it will be liable to reimburse both Brooks and Kono for all fees and costs incurred in preparation for such depositions.

///

27. This stipulation is made in good faith and not to delay the proceedings.

---

[5] The thirty-day deadline is October 31, 2025, which is a Nevada State holiday, but not considered a Federal holiday in the Federal District of Nevada.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 18 day of August, 2025.

**COZEN O'CONNOR**

By: /s/ Frank A. Toddre, II
    FRANK A. TODDRE, II

*Attorneys for Plaintiff*
BASS UNDERWRITERS, INC.

DATED this 18 day of August, 2025.

**BAILEY✦KENNEDY**

By: /s/ Jarod B. Penniman
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JAROD B. PENNIMAN

*Attorneys for Defendant*
BROOKS GROUP INSURANCE AGENCY, LLC

DATED this 18 day of August, 2025.

**ZUMPANO PATRICIOS & HELSTEN**

By: /s/ Amanda J. Brookhyser
    AMANDA J. BROOKHYSER

*Attorneys for Defendant*
DAVID KONO

**IT IS SO ORDERED:**

**UNITED STATES MAGISTRATE JUDGE**

DATED: August 19, 2025

LEGAL\79623863\1